Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE,
Hon. JONATHAN ROSS,
Hon. WALTER C. DUNTON, } ASSISTANT JUDGES.

---

## BELKNAP, ELY & CO. AND OTHERS *v.* JOHN H. PADDOCK.

### *Contract. Parties. Pleading. Variance.*

In covenant the declaration alleged that by an indenture between the "defendant on the one part, and the plaintiff on the other", defendant covenanted to pay an "equal proportion" of the expense of defending all suits that should be brought by certain parties "for the purpose of testing between patent rights therein named", whether "brought against either or all of the parties" thereto, "or all or either one of the customers of either or all" of such parties; that a suit was brought against each of two of plaintiffs and one against customers of another of plaintiffs; and that plaintiffs defended said suits, therein expending a large amount of money. Plaintiffs introduced in evidence an agreement signed and sealed by plaintiffs and defendant, whereby the signers agreed "each with the other . . . to pay his equal proportion" of the expenses, &c., of defending all suits that should be brought, "whether brought against either or all" of them, or either of their customers. It was conceded that suits were brought as alleged, that they were defended and finally settled by an agent of the signers of the agreement, who was appointed for that purpose, and that some of the plaintiffs had

paid their shares of the expenses thereof, while others had not. The court directed a verdict for defendant. *Held,* that under the declaration plaintiffs could recover only by showing that they had *jointly* incurred and paid expenses in defending suits against them jointly or against some one of them or the customers of some one of them, and that as that was not shown, there was no error.

COVENANT, alleging that by a certain indenture under seal, between the " defendant on the one part, and the plaintiff on the other", the defendant covenanted to pay " an equal proportion " of the expenses, &c., of defending all suits that should " be brought and tried for the purpose of testing between patent rights therein named " by Dennis Lane or the firm of Lane, Pitkin & Brock, whether " brought against either or all of the parties " thereto, " or all or either one of the customers of either or all " of such parties ; that suits were brought, one each against two of the plaintiffs, and one against customers of one of the plaintiffs ; and that the plaintiffs defended said suits, therein expending a large amount of money, &c.  Pleas, general issue and performance. Trial by jury, September Term, 1878, REDFIELD, J., presiding.

The plaintiffs offered in evidence a paper dated March 29, 1872, and signed and sealed by the defendant and all the plaintiffs, Belknap, Ely & Co., Luke Buzzell, S. C. Forsaith & Co., C. M. Flint, Clark & Chapman Manufacturing Qo., S. Heald & Son, and Cole, Bugbee & Co.  The paper was as follows :

Whereas, we, the undersigned, are equally interested in making and vending circular saw mills and certain patent rights used in connection therewith: and whereas, the firm of Lane, Pitkin & Brock . . . are also makers and venders of circular saw mills, and certain patent rights used in connection with their said mills; and whereas 'the said firm, . . . or some one or more of them, are giving out in speeches that we, the undersigned, are infringing upon their said patent used in connection with our said mills, or some parts of the same, and are about to commence suit or suits against us, or some of us, our customers, or some one of them, to test their said exclusive right to make and vend said saw mills, and so prevent us or our customers from using said mills, . . . Now we, the undersigned, each with the other, and in consideration of the mutual promises each with the other, hereby agree that in case the said Lane, Pitkin & Brock, or either of them, shall at any time commence a suit or suits against either one of us, or any one of us, or any one of the customers to whom either of us have sold our said mills, for the purpose of hindering, stopping the use of said mills, or for the pur-

pose of testing the right to use said mills or any patent rights now attached to said mills so sold by us or either of us, to pay an equal proportion of the damages, costs and expenses of defending all suits which shall be brought and tried for the purpose of testing said right, whether brought against either or all of us, or either of our customers, and we each agree to furnish an equal proportion of the money which may be necessary from time to time to pay the expenses of such defense, to be paid to the defendants trying said cases.

The defendant admitted his signature to the paper, and made no question but that the paper was duly executed by all the plaintiffs, but he objected to its admission in evidence for that it did not purport to be an indenture between the plaintiff on the one part and the defendant on the other, as alleged, but was a mutual agreement between all parties. The court, however, allowed it to be read in evidence subject to all legal objection.

The plaintiffs also offered in evidence a paper dated August 31, 1872, and signed by all the plaintiffs and the defendant, whereby they appointed Charles R. Ely their agent to procure counsel and look after their interests in the matter with reference to which they had associated themselves. The defendant made no question as to the execution thereof, but insisted that it had no tendency to support the declaration, and was inadmissible; but the court allowed it to be read subject to all legal objection.

For the purposes of the trial the defendant conceded that the suits were brought as alleged, and that Ely conducted the defence thereof under his appointment as agent, but he insisted that much of his expenditure therein was unwarranted. It was conceded that none of the suits were tried, and that they were settled by Ely; that Ely made monthly assessments on each of the associates; that the defendant paid about $800 of the assessments on him, and refused to pay further, although the plaintiffs claimed that he should pay about $1,500 more; that Forsaith & Co. paid $200, and refused to pay more; and that Flint had paid nothing, and had become unable to pay. It did not appear how much the others had paid, but it was conceded that some of them had not paid fully, and that all had paid something, except as above stated.

The defendant insisted that covenant could not be maintained, but that the affairs of the parties could be adjusted only in equity

or by account; and that the paper of March 29 was so misdescribed in the declaration that there was a fatal variance. The court sustained the defendant's objections, and directed a verdict for the defendant; to which the plaintiffs excepted.

*George M. Fisk*, for the plaintiffs.

Covenant was the proper action. There was no partnership—no increase of liability on failure of other parties. There is no occasion for an accounting more than there would be between co-sureties in a promissory note. There was no variance. 1 Story Eq. Jurisp. s. 665; *Wilson's Exrs.* v. *Cobb's Exrs.* 28 N. J. Eq. 177; *Pillsbury* v. *Pillsbury*, 20 N. H. 90; *Knowlton* v. *Reed*, 38 Me. 246; *Woodward* v. *Cowing*, 41 Me. 9; *Mason* v. *Potter*, 20 Vt. 722; *Hawkins* v. *McIntyre*, 45 Vt. 496; *Williams* v. *Henshaw*, 11 Pick. 79, and cases *passim*.

*L. P. Poland*, for the defendant.

The declaration misstates the legal character of the instrument declared on. The indenture is not between two parties—the defendant on the one part and the seven plaintiffs on the other: the contract is mutual, each party contracting with each other party.

Neither covenant nor any other action at law can be sustained by the plaintiffs jointly against the defendant. The case is in principle the same as that of a partnership where the partnership agreement is under seal. Where the settlement of partnership dealings is involved, the only remedy is in equity. Parsons Partnership, 286; *Capen* v. *Barrows*, 1 Gray, 376; *Venning* v. *Leckie*, 13 East, 7; *Bedford* v. *Buelton*, 1 Bing. N. C. 407; *Weaver* v. *Upton*, 7 Ired. 458; *Estes* v. *Whipple*, 12 Vt. 373; *Hills* v. *Bailey*, 27 Vt. 548.

The opinion of the court was delivered by

Ross, J. On the facts shown and concessions made by the plaintiffs on the trial, the County Court ordered a verdict for the defendant. This action of the County Court was not erroneous, if the facts and concessions clearly showed that the plaintiffs were not entitled to recover in this action. The declaration counts

upon a liability of the defendant to the plaintiffs jointly, growing out of an agreement under seal, signed by each of the plaintiffs and the defendant, with reference to the expense of the defence of certain anticipated suits against any one of the parties or his customers, by Lane, Pitkin & Brock, for an infringement of certain patent rights in the manufacture of circular saw-mills ; and avers that the defendant agreed to pay his proportion of such expenses to the defendant defending said suits. It alleges that the agreement was an indenture between the plaintiffs and the defendant. This is tantamount to an averment that the plaintiffs jointly formed one party to the indenture and the defendant the other. The agreement put in evidence by the plaintiffs is the several agreement of each of the parties thereto with every other party to the same " to pay his equal proportion of the damages, costs and expenses of defending all suits which shall be brought and tried for the purpose of testing said right, whether brought against either or all of us, or either of our customers ; and we each agree to furnish an equal proportion of the money which may be necessary from time to time to pay the expenses of such defense, to be paid to the defendants trying said cases." Under the declaration and this agreement, the plaintiffs, to lay the foundation for a recovery, must show that they had incurred expenses in defending a suit brought by Lane, Pitkin & Brock against them jointly to which the defendant had not contributed his proportionate share, or, at least, that they had jointly incurred and paid expenses in defending such suits as are covered by the agreement, brought against some one of them or against the customers of some one of them. This is the most favorable statement of the plaintiffs' right to recover jointly. It is even questionable whether a suit in favor of all the plaintiffs jointly could be maintained against the defendant on this latter class of expenses ; whether, by the terms of the agreement, the promise of the defendant is not to such one of the plaintiffs only as should defend a suit against himself or his customers. On the conceded facts, giving the agreement the construction most favorable to the plaintiffs, no such indebtedness from the defendant to the plaintiffs jointly existed. But three suits had been brought, two against parties to

the agreement, and one against a customer of a party. Some of the plaintiffs had fully paid their proportion of the expenses of those suits, some had paid less than their proportion, and one had not paid anything. No indebtedness from the defendant under said agreement to the plaintiffs jointly was shown or claimed, on the trial. It was only in regard to such an indebtedness that the declaration called upon the defendant to answer. The declaration gave him no notice that he would be called upon to answer to an indebtedness which might exist in favor of some one of the plaintiffs separately against him under said agreement, and the pleadings put no such agreement, or covenant, nor the non-performance of such an agreement or covenant by the defendant, in issue. Hence, on the pleadings, evidence, and concessions, the court correctly ordered a verdict for defendant. These views dispose of this case. We are not called upon to advise the plaintiffs in regard to what may be their proper remedy on the facts claimed by them to exist under said agreement. We are only charged with the duty, at present, of deciding this case. When other cases shall have been brought and tried, it will be soon enough to announce the views of this court thereon.

*Judgment affirmed.*